*Hayes v Hambruch,* 841 F Supp 706, 711, *affd* 64 F3d 657; *Garcia v Jiminez,* 184 Ill App 3d 107, 539 NE2d 1356, *lv denied* 127 Ill 2d 615, 545 NE2d 109; *Winston Props. v Sanders,* 57 Ohio App 3d 28, 565 NE2d 1280; *see generally,* Annotation, *Landlord's Liability for Injury or Death of Tenant's Child from Lead Paint Poisoning,* 19 ALR5th 405). In the absence of any proof that defendant had notice of a hazardous lead paint condition in the apartment, plaintiff failed to raise an issue of fact sufficient to defeat defendant's motion. (Appeal from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.

■ HIDDEN PONDS OF ONTARIO, INC., Appellant-Respondent, v ESTATE OF GREGORY HRESENT, Deceased, Respondent-Appellant. (Appeal No. 1.) [656 NYS2d 1024] —Appeals unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeals from Judgment of Supreme Court, Wayne County, Strobridge, J.—Damages.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.

■ HIDDEN PONDS OF ONTARIO, INC., Appellant-Respondent, v ESTATE OF GREGORY HRESENT, Deceased, Respondent-Appellant. (Appeal No. 2.) [654 NYS2d 532] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly rejected defendant's counterclaim for unpaid rent and counsel fees. The court's determination that defendant breached the covenant of quiet enjoyment is supported by the record (*see, Hidden Ponds v Hresent* [appeal No. 2], 209 AD2d 1025). Because plaintiff was justified in abandoning the premises, defendant is not entitled to unpaid rent for the remainder of the lease term (*see generally,* 74 NY Jur 2d, Landlord and Tenant, § 369) or counsel fees.

Further, the court properly determined that plaintiff was entitled only to nominal damages of $1 (*see, Sears, Roebuck & Co. v 9 Ave. 31-St. Corp.,* 274 NY 388, 403, *mot to amend remittitur granted* 274 NY 636; *see generally,* 74 NY Jur 2d, *op. cit.,* § 270). A tenant may recover special, or consequential, damages for breach of the covenant of quiet enjoyment "provided they are proximate in effect, and are not speculative or uncertain in character and were fairly within the contemplation of the parties when the lease was made, or might have been foreseen as a consequence of a breach of its covenants" (*Friedland v Myers,* 139 NY 432, 436; *see generally,* 74 NY Jur 2d, *op. cit.,* § 271). Thus, where a landlord breaches the covenant by